## BURDEN ON A DEFENDANT DENYING THE REALITY OF THE INJURY COMPLAINED OF.

Circuit Court of Geauga County.

### THE CLEVELAND ELECTRIC RAILWAY COMPANY V. AUGUSTA L. POWELL.

Decided, February 23, 1909.

*Evidence of Particular Ailment Admissible Under General Averment of Injury—Burden Upon Plaintiff to Prove Nature and Reality of Injuries.*

1. Evidence that plaintiff had become afflicted with neurasthenia and curvature of the spine as a result of injuries is admissible under an allegation that she "was greatly and permanently injured, in that her head was cut open and she was made sick, sore and lame."
2. The burden is upon the plaintiff in a personal injury suit to show the reality as well as the cause and nature of the injuries of which she complains, and in a case in which it is claimed that she has simulated injuries it is error for the court to charge that the burden is upon the defendant to prove malingering upon the part of the plaintiff.

HENRY, J. (sitting in place of Metcalfe, J.) ; LAUBIE, J., and COOK, J., concur.

The parties to this proceeding in error stand in the relation opposite to that in which they stood below. The action was for damages for personal injuries resulting from the fall of a trolley pole from a suburban car at the southeast corner of the Public Square in the city of Cleveland on December 18, 1904. Plaintiff below was a pedestrian crossing the street behind the car and was struck by the pole itself, for which she recovered a verdict and judgment.

The first error assigned is upon the admission of evidence that plaintiff had become afflicted with neurasthenia and curvature of the spine as a result of the injury, without allegation in her petition to that effect. The petition's averments that she "was greatly and permanently injured, in that her head was cut open and she was made sick, sore and lame," are broad enough to admit this evidence.

The second error assigned is upon the exclusion of the answers to these questions, viz.:

"Q. I will ask you to state whether there was an inspector of that road at Beech Park? A. Yes, sir. The car was inspected before we took it.

"Q. And at what time was that inspection made? A. Well, the car got in there, I should judge about 8:10 or 8:05 along there, and was inspected before we took it."

The witness was the conductor of the car in question. It appeared to the trial court, and appears to us, that his personal knowledge was not such as to qualify him to give this testimony, especially as it amounts to a conclusion or opinion.

Further assignments of error are made upon various instances of alleged misconduct of counsel for plaintiff below. We shall not discuss these, further than to say that comments by counsel upon the evidence, or upon anything connected with the case, in the hearing of the jury during the production of evidence, are wholly out of order unless addressed to the court *bona fide* on interlocutory questions. But we find no prejudicial error warranting a reversal, in any of the instances cited.

The charge of the court is complained of, and we find error in this language:

"It is claimed on the part of the defendant that the neurasthenia, if any, with which the plaintiff claims to be suffering, results not from the injuries received at the time of the accident, but from the diseased condition of the female organs. If you find that such neurasthenia is the result of diseases of the female organs, or that it results from any other cause than the accident, it would be your duty to wholly disregard it in estimating damages.

"It is claimed on the part of the defendant that the plaintiff is malingering, or pretending the various ailments with which she claims to be suffering. While the burden is on the plaintiff to prove that her injuries and diseases result from the injury, the burden is on the defendant to prove malingering by a preponderance of the evidence."

We remark that the defendant did not claim to account for neurasthenia in the plaintiff, but denied its existence. What it did claim was that she suffered from hysteria, and it sought to account for this from female disease not referable to the injury. Moreover, malingering by the plaintiff was claimed not

as an affirmative defense, but as a challenge of the good faith of plaintiff's testimony and actions in respect to her injuries. The burden was on the plaintiff, and not upon the defendant, to show the reality as well as the cause and nature of the injuries.

The fourteenth written request to charge before argument was improperly refused:

"(14)    The Cleveland City Railway Company was only required to transport the cars of the Lake Shore Electric Company to and around the public square and back to Rocky river, unless you find that by mutual agreement between the parties a different point of destination in the city of Cleveland was agreed upon between the parties."

While, as indicated in the general charge, a presumption may arise from the regular routing of the suburban cars in question, for months before the accident, to the new terminal beyond the defendant's tracks, that this was done by consent of the parties within the express contemplation of the original contracts (to one of which both city companies and all the interurban companies were parties), yet such presumption was clearly rebuttable, and it was for the jury to say whether the preponderance of the evidence showed that the crew of the car were at the time of the accident in defendant's service and the car itself in the defendant's custody. Unless the jury found an express or implied agreement, supplemental to the original contract, which would support these claims, the defendant company could not be held liable for plaintiff's injury beyond its own line. The special finding of fact by the jury, implying that the car was turning westward on the defendant's track, instead of eastward on the track of the other city company, though supported by some evidence, is reconcilable with all the evidence only on the theory that the car started to turn westward by oversight of the motorman in failing to throw the switch.

We do not reverse the judgment for excessive damages, although we are impressed with the extreme liberality of the jury whose verdict of $15,000 considerably exceeds our own estimate of plaintiff's damages. But for the errors already pointed out, which are all we find in the record the judgment is reversed and the cause remanded.